IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LEONARD A. SAYLES, JR.,

    Petitioner,

v.               CIVIL ACTION NO. 2:05-cv-00122
                (Criminal No. 2:99-cr-00198-05)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

  Pending before the court is the petitioner's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) [Docket 582]. For the following reasons, the petitioner's motion is **DENIED**.

**I.  Factual and Procedural Background**

  The record reveals that the petitioner was named in four counts of a 12-count superseding indictment. The petitioner was charged with one count of conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (Count One), one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Seven), one count of aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Ten), and one count of using, carrying or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Eleven). Attorney Donald L. Stennett was appointed to represent the defendant on those charges.

After no plea agreement was reached, Mr. Sayles went to trial before a jury on July 11, 2000. The petitioner was ultimately convicted on all four counts in which he was named in the superseding indictment. At sentencing, the court found the petitioner's total offense level was 38, and his criminal history category was I. Consequently, his Guideline sentencing range was 235-240 months on Counts One, Seven and Ten.[1] On Count Eleven, the petitioner was subject to a consecutive 60-month sentence. The petitioner was sentenced to a term of imprisonment of 235 months on Counts One, Seven and Ten, and a consecutive term of 60 months on Count Eleven, for a total sentence of 295 months, to be followed by a five-year term of supervised release on Count One, and a three-year term of supervised release on the other counts.

The petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. On appeal, the petitioner, who was then represented by John G. Hackney, Jr., challenged a two-level sentencing enhancement for a leadership role in the offense, the amount attributed to him as relevant conduct, and the sufficiency of the evidence on his firearm conviction. On July 10, 2002, the Fourth Circuit affirmed the petitioner's convictions and the district court's determination of his relevant conduct, but found that the enhancement of the petitioner's sentence for a leadership role was in error. Accordingly, the Fourth Circuit vacated the petitioner's sentence and remanded the case to the district court to re-sentence Mr. Sayles without the leadership role enhancement. *United States v. Sayles*, 296 F.3d 219 (4th Cir. 2002).

Mr. Sayles was re-sentenced on January 6, 2003, after the preparation of a revised Presentence Investigation Report. Without the leadership role enhancement, the petitioner's

---

[1] Because of the statutory maximum of 20 years on Counts Seven and Ten, the petitioner's Guideline sentencing range on those counts was 235-240 months, rather than the 235-293 month range provided by the Sentencing Guidelines.

Guideline sentencing range was 188-235 months on Counts One, Seven and Ten. When offered his right of allocution, Mr. Sayles attempted to challenge the court's determination of his relevant conduct. The presiding district Judge held that, because the Fourth Circuit had affirmed the district court's determination of the defendant's relevant conduct, that issue was not before the court on re-sentencing. The petitioner was re-sentenced to 188 months on Counts One, Seven and Ten, followed by a consecutive 60- month sentence on Count Eleven.

In his second appeal, the petitioner challenged the denial of his Motion for a New Trial, and filed motions to supplement the record with a *pro se* brief challenging the quantity of drugs attributed to him as relevant conduct. On February 17, 2004, the Fourth Circuit affirmed the denial of the defendant's Motion for a New Trial. *United States v. Sayles*, 87 Fed. App'x 884 (4th Cir. Feb. 17, 2004) (unpublished). Though the court granted the petitioner's motions to supplement the record with his supplemental pro se brief, the court declined to address the issue because it was "beyond the scope of [the court's] remand." *Id.* at 885.

The petitioner then filed a § 2255 motion on February 14, 2005. The grounds for relief as alleged in the petitioner's § 2255 motion were: (1) Ineffective assistance of counsel during pre-trial when counsel failed to properly challenge the admissibility of the defendant's post-arrest statement in a motion to suppress; (2) Ineffective assistance of counsel on appeal because counsel failed to challenge the quantity of drugs attributable to the defendant for sentencing purposes; (3) The district court erred in sentencing the defendant beyond his prescribed statutory maximum based upon facts not found by a jury or admitted by the defendant; (4) Ineffective assistance of counsel on appeal for failure to challenge the sufficiency of the evidence for the defendant's conspiracy conviction; (5)

Ineffective assistance of counsel on the basis that his trial counsel labored under an actual conflict of interest during pre-trial stages.

By Memorandum Opinion and Order dated August 22, 2006, this court denied and dismissed the petitioner's § 2255 motion. On September 8, 2006, the petitioner filed the instant motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  The petitioner now asks the court to reconsider its Order arguing that the court's failure to recognize the following clear errors of law made with respect to this court's denial of the petitioner's § 2255 motion will cause a manifest injustice because: (1) appellate counsel was ineffective for not challenging the quantity of drugs attributable to the petitioner during his second direct appeal; (2) appellate counsel was ineffective for not challenging the sufficiency of the evidence on the petitioner's conspiracy conviction; (3) trial counsel was ineffective for failing to properly challenge the admissibility of the petitioner's post-arrest statement in a motion to suppress; and (4) trial counsel labored under an actual conflict of interest during plea negotiations and afterwards.

**II.    Discussion**

Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." Although Rule 59(e) does not provide any standard specifying when the grant of such a motion is appropriate, the Fourth Circuit has recognized three alternative grounds: (1) "'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Clapper v. Chesapeake Conference of Seventh-Day Adventists*, 166 F.3d 1208, *5 (4th Cir. 1998) (unpublished decision) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "The Rule 59 Motion may not be used to relitigate old matters, or to raise arguments

or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting 11 Wright, Miller and Kane, *Federal Practice and Procedure* § 2810.1 at 127-28 (2d ed. 1995)).

The first two grounds are not applicable to this motion. The petitioner has not cited an intervening change in the law or new evidence not previously available. He premises his motion on the third ground, i.e., to correct a clear error of law or prevent manifest injustice. This avenue of relief, however, is inapplicable here because the petitioner seeks to relitigate the same claims raised in his prior § 2255 motion. The petitioner's Rule 59 motion is simply a restatement of his prior claims, which included claims attacking his sentence and conviction. He raises arguments and presents evidence that were both raised and could have been raised in his prior motion. This is generally not permitted and is considered to be a successive § 2255 petition.

A successive petition is available only in limited circumstances and while the petitioner names his motion a Rule 59(e) Motion to Alter or Amend, courts must not allow prisoners to circumvent these limited circumstances by attaching labels other than "successive application" to their pleadings. *Calderon v. Thompson*, 523 U.S. 538, 553 (1998). The Fourth Circuit has instructed that while there "may be no infallible test" for distinguishing between a proper motion to reconsider from a successive petition, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). In contrast, "[n]ew legal arguments or proffers of additional evidence will generally indicate that the prisoner is not seeking the relief available pursuant to a motion for reconsideration, but instead, is continuing his collateral attack on his conviction or sentence." *Id.* An example of a proper motion for reconsideration, in the habeas

context, is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings. *Id.*

Here, the petitioner continues to attack his sentence and conviction by attempting to relitigate the same issues raised in his previous § 2255 motion and therefore, this court will construe his motion as a successive petition. The Antiterrorism and Effective Death Penalty Act provides: "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A) (2006). Thus, this court may not consider the merits of the petitioner's claims in his motion to reconsider because he failed to first certify his motion with the Fourth Circuit Court of Appeals before filing it in this court. *See Byrd v. United States*, 2007 U.S. Dist. LEXIS 5238, at *6-9 (W.D.N.C. 2007).

For the foregoing reasons, the court **DENIES** the petitioner's Motion to Alter or Amend this court's previous Order denying the petitioner's § 2255 motion because it is a successive petition filed without authorization by the Fourth Circuit Court of Appeals.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented party.

ENTER: October 22, 2009

Joseph R. Goodwin, Chief Judge